In the Matter of the General Assignment for the Benefit of Creditors of STUYVESANT PAPER & SUPPLY CORPORATION, Assignor, to SYDNEY M. KAYE, Assignee.

Supreme Court, Special Term, New York County, January 13, 1941.

*Harry N. Stein*, for the substituted assignee.

*Morris Siegel*, for the original assignee.

*Alexander E. Berger*, pro se.

EDER, J. Assignment for the benefit of creditors. Application by the original assignee and by the substituted assignee for an order judicially settling their accounts, and for other relief.

The substitution of assignee did not arise from or involve any misconduct of the original assignee. On this application the original assignee seeks compensation in the sum of $212.43, being five per cent of the gross amount received by him, to wit, $4,248.66; the substituted assignee seeks compensation in the sum of $194.99, being five per cent of the sum of $3,799.88, which he states is the sum held by the original assignee, plus $100 which he collected,

and of which he became possessed as such substituted assignee. It is the amount of compensation as between the assignee which is the matter of concern, involving a construction of section 21 of the Debtor and Creditor Law, upon a question apparently not heretofore decided.

Section 21 of the Debtor and Creditor Law, so far as here relevant, provides: " The assignee or assignees named in any assignment shall receive for his or their services a commission of not to exceed five per centum on the whole sum which will have come into his or their hands, except in a case where such percentage shall not equal two hundred dollars in which case the court may grant such a sum which with such percentage shall equal two hundred dollars."

Section 21 also provides that the court may " make all necessary rules to govern the practice under this article."

The statute makes no provision as to the compensation or the division of compensation with respect to the amount to be paid to the original assignee and to the substituted assignee. Since the commission of the assignee is computed " on the whole sum which will have come into his or their hands," it seems, unless otherwise held, that both the original assignee and the substituted assignee are entitled to a like sum and the combined amounts would exceed the five per cent limitation fixed by the statute. In other words, such a construction would result in a duplication of commissions by the payment of full fees to two successive assignees. I do not think such is the legislative intent, for, followed to an ultimate result, an estate can be appreciably depleted by the simple expedient of successive resignations of assignees and the necessary appointment of successors, each receiving like compensation or nearly so, resulting in a continued depletion of the assigned estate, and might be conducive to abuse or collusive practices; at least, it is not beyond the realm of possibility. It is not that it will happen; it is that it may happen, and it is such a contingency that must be borne in mind.

A successor assignee must be charged with the knowledge, when accepting the appointment, that his predecessor will receive compensation for his services, and, most generally, on the maximum basis of computation mentioned in the statute; and while it is not compulsory on the part of the court to award the maximum of five per cent, but is a matter resting in discretion and is limited only to the extent that it shall not exceed this percentage, it is the practice, in the absence of special reasons, to award the assignee the maximum percentage.

In this situation, having in mind the intent of the Legislature and the rights of the creditors, and to prevent possible abuse of

this provision, such a construction should be given as will prevent a duplication of the commissions by the payment of full fees to successive assignees and to predicate the fixation of the compensation of the predecessor and successor assignees on fair, just and equitable considerations, by adopting the construction to allow each not the maximum percentage, but to allow each a reasonable sum for such services and disbursements as have been rendered and expended for the benefit of the general body of creditors by the preservation of the fund to their use, or in the advantageous collection of assets, or conversion of the property into money. Such a construction will be found to embody the views expressed in *Matter of Kurth* (14 Fed. Cas. No. 7948, p. 879) and in *Hunker* v. *Bing* (9 Fed. 277, 279), which, while not involving a construction of this statute, involves a somewhat like situation.

The original assignee received a gross amount of $4,248.66; the substituted assignee received a gross amount of $3,899.88, of which sum $3,799.88 was merely taking possession of by him and this sum which was on deposit in the Chase National Bank to the credit of the original assignee, as such. " All of the physicial assets of the estate had already been reduced to cash." Some incidental services were rendered by the substituted assignee, following his appointment and qualification. The original assignee rendered services but did not complete administration of the estate, by reason of the appointment of a successor.

In this situation I feel that there exist special reasons why neither the original assignee nor the successor assignee should be allowed the maximum percentage of commissions, but that the original assignee and the substituted assignee should, upon the facts of this case, share as follows in the award of compensation, which is fixed at the maximum of five per cent of $4,348.66, the gross received by both the original and substituted assignees, to wit, the sum of $217.43, the original assignee to receive an amount equal to three-fifths thereof and the substituted assignee to receive an amount equal to two-fifths thereof.

Allowances as follows: To original assignee, $130.46; to substituted assignee, $86.97; to attorney for original assignee, $550 and disbursements; to attorney for substituted assignee, $350 and disbursements; to the accountant, $150; allowance for use and occupation in full, $19.21.

Leave is granted to the assignee to compromise claim of $329.41 for $100; claim of the city of New York for $1,023.72; claim of United States government to be paid in full and with interest; wage claims to be paid in full; the latter three as priorities to be paid. Submit order.